UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE AMERICAN HOSPITAL ASSOCIATION, *et al.*, | : : : | |
| Plaintiffs, | : : | Civil Action No.: 18-2084 (RC) |
| v. | : : | Re Document Nos.: 51, 54 |
| ALEX M. AZAR II, United States Secretary of Health and Human Services, *et al.*, | : : : : : | |
| Defendants. | : | |

# MEMORANDUM OPINION

GRANTING DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT; DENYING AS MOOT
PLAINTIFFS' MOTION FOR A FIRM DATE

## I. BACKGROUND[1]

On May 6, 2019, this Court held that the Department of Health and Human Services ("HHS") exceeded its statutory authority when it reduced the 2019 Medicare reimbursement rate for pharmaceutical drugs covered by the "340B Program" by nearly 30%. *See Am. Hosp. Ass'n v. Azar ("AHA II")*, No. CV 18-2084 (RC), 2019 WL 1992868 (D.D.C. May 6, 2019). This holding followed the Court's December 2018 conclusion that HHS exceeded its statutory authority in reducing the 2018 Medicare reimbursement rate. *See Am. Hosp. Ass'n v. Azar ("AHA I")*, 348 F. Supp. 3d 62, 79–83 (D.D.C. 2018). In *AHA II*, this Court also specified the remedy for the agency's unlawful rate adjustments: remand of both the 2018 and 2019 rules to

---

[1] Because the December 2018 Opinion and May 2019 Opinion contain extensive discussion of the relevant background, procedural history, and the relevant statutes and regulation, *see AHA II*, 2019 WL 1992868 at *1–4; *AHA I*, 348 F. Supp. 3d at 66–72, and because the instant order addresses the remedy and not the merits in this dispute, the Court will not recapitulate the facts previously reported in detail.

the agency, without vacatur. *AHA II*, 2019 WL 1992868 at *7–10. In specifying the remedy, the Court stated that it would "retain jurisdiction over this matter" so that it could "reconsider the remedy if the agency fails to fulfill its responsibilities in a prompt manner." *Id.* at *7.

Both parties soon filed further motions. Plaintiffs moved for a firm date by which Defendants must propose a remedy to the Court. Pls.' Mot. for Firm Date, ECF No. 51 ("Pls.' Mot."). Defendants moved for reconsideration of the May 6, 2019 Order and requested entry of final judgment pursuant to Federal Rule of Civil Procedure Rule 58(a), contending that the Court's retention of jurisdiction was "clear error." Defs.' Mot. for Recons., Entry of Final J., and Expedited Briefing, ECF No. 54 ("Defs.' Mot."). In this motion, Defendants also argue that entry of final judgment is necessary for expeditious review on the merits in the D.C. Circuit. *Id.* at 1. These motions are ripe for the Court's consideration. For the reasons stated below, the Court will grant Defendant's motion for entry of final judgment and dismiss as moot Plaintiff's motion for a firm date.

## II. ANALYSIS

Defendants ask this Court to revisit the remedy specified in the May 6, 2019 Order, ECF No. 49, specifically requesting that the Court, first, reconsider its retention of jurisdiction following remand to HHS and, second, enter final judgment. Defs.' Mot. 1. Defendants argue that the Court has both the authority and the imperative to reconsider the May 6 Order. The Court agrees.

A court has authority to reconsider an interlocutory order like the May 6 Order "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Lewis v. District of Columbia*, 736 F. Supp. 2d 98, 101 (D.D.C. 2010) (quoting Fed. R. Civ. P. 54(b)); *see also Bayshore Cmty. Hosp. v. Azar*, 325 F. Supp. 3d 18, 22 (D.D.C. 2018)

2

(quoting *Ofisi v. BNP Paribas, S.A.*, 285 F. Supp. 3d 240, 243 (D.D.C. 2018)).  "Relief under Rule 54(b) is available 'as justice requires,' a standard that reflects the flexibility afforded courts under the rule." *Bayshore Cmty. Hosp.*, 325 F. Supp. 3d at 22 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015) (internal quotation mark omitted)).  For a court to grant a motion for reconsideration of an interlocutory order, the movant must generally demonstrate: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008), *aff'd*, No. 09-5349, 2010 WL 1632965 (D.C. Cir. Apr. 1, 2010) (quoting *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003)).

Here, Defendants argue that the Court's retention of jurisdiction upon remand to HHS constitutes clear error.  They contend that the proper remedy is remand to the agency—and remand alone.  *See* Defs.' Mot. at 2.  Defendants aver that this is an open and shut issue: because this Court reviewed the agency's action and found that the agency made an error of law, "the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the correct legal standards." *Id.* (quoting *Palisades Gen. Hosp. Inc. v. Leavitt*, 426 F.3d 400, 403 (D.C. Cir. 2005)).  Plaintiffs counter with a different view of what remand requires, asserting that this Court nonetheless has *discretion* in certain circumstances to retain jurisdiction.  Pls.' Opp'n Defs.' Mot. 3, ECF No. 56.  Thus, even Plaintiffs acknowledge that, although the Court may retain jurisdiction over this case, it is not *required* to do so.  The Court thus reconsiders the issue and determines that it should not exercise its discretion in that fashion.

As a general matter, Plaintiffs are correct that the Court has discretion to retain jurisdiction, and it aligns with other courts in this Circuit in "recogniz[ing] that it has the discretion to retain jurisdiction over a case pending completion of a remand and to order the

filing of progress reports." *Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41 (D.D.C. 2008) (citing *Cobell*, 240 F.3d at 1109). But "this discretion is typically reserved for cases alleging unreasonable delay of agency action or failure to comply with a statutory deadline, or for cases involving a history of agency noncompliance." *Id.* (citing *Cobell,* 240 F.3d at 1109). In the instant case, there is no evidence of unreasonable agency delay or noncompliance on par with the decades-long recalcitrance evidenced in cases such as *Cobell*. And in such instances, "[t]he norm is to vacate agency action that is held to be arbitrary and capricious and remand for further proceedings consistent with the judicial decision, without retaining oversight over the remand proceedings." *Baystate Med. Ctr.*, 587 F. Supp. 2d at 41. Here, of course, the Court concluded that vacatur was inappropriate, *see AHA II*, 2019 WL 1992868 at *7, so its retention of jurisdiction cuts against this norm.

Moreover, pragmatic considerations call for reconsideration of the Court's original stance. Both parties wish to resolve the dispute expeditiously. And this Court is sympathetic to Defendants' argument that retention of oversight over remand to the agency "calls into question the finality of the remand order" and thereby risks delaying the ability to appeal to the D.C. Circuit. Defs.' Mot. 3. Although Plaintiffs would prefer that this Court retain jurisdiction and resolve the merits and the remedy at once, Defendants correctly note in a separate filing that the Administrative Procedure Act does not permit this Court to review a *proposed* rule before it is final. Defs.' Opp'n Pls.' Mot. 4–5, ECF No. 53 (discussing 5 U.S.C. § 704 and associated case law). Accordingly, retention of jurisdiction risks delaying prompt resolution of this suit, pending a final agency rule. To afford the parties the opportunity for expedited review by the D.C. Circuit, this Court will grant Defendants' motion for entry of final judgment. This resolution moots Plaintiffs' motion for a firm date.

4

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration and motion for entry of final judgment is **GRANTED** and Plaintiffs' motion for entry of a firm date is **DENIED** as moot. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: July 10, 2019 　　　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge