### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

THE AMERICAN HOSPITAL
ASSOCIATION,
*et al.*,

              *Plaintiffs,*

      –v–

XAVIER BECERRA, in his official capacity as
the Secretary of Health and Human Services, *et
al.*,

              *Defendants.*

**Civil Action No. 18-2084 (RC)**

### MOTION TO EXPEDITE BRIEFING SCHEDULE AND
### CONSIDERATION OF PLAINTIFFS' MOTION TO VACATE THE
### <u>UNLAWFUL PORTION OF THE 2022 OPPS RULE</u>

Plaintiffs respectfully ask for an expedited briefing schedule on their Motion to Vacate the

Unlawful Portion of the 2022 OPPS Rule ("the Motion"), which Plaintiffs are filing concurrently.

Plaintiffs are filing the Motion on the first possible day, given that the D.C. Circuit issued its

mandate earlier today. *See* ECF 65. Plaintiffs ask that Defendants be ordered to file a response to

the Motion within seven days, that Plaintiffs be required to file any reply brief within three days

thereafter, and that the Court expedite consideration of the Motion.[1]

A district court must "expedite the consideration" of an action involving a federal statute

when there is "good cause" to do so. 28 U.S.C. § 1657(a). "'[G]ood cause' is shown if a right

---

[1] The parties conferred on July 12, 2022, and Defendants indicated on July 13, 2022 that they oppose expediting the briefing of Plaintiffs' Motion to Vacate the Unlawful Portion of the 2022 OPPS Rule. Plaintiffs provided Defendants with a near-final copy of that motion on July 21, 2022, to give Defendants additional time to prepare a response in the event that the Court grants the motion to expedite.

under . . . a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.*

There is ample "good cause" to expedite the briefing and consideration of Plaintiffs' challenge to the 2022 OPPS Rule and to speedily order defendants to comply with their statutory obligations for the remainder of 2022. Indeed, the "factual context" here overwhelmingly demonstrates that expedited consideration is warranted. 28 U.S.C. § 1657(a). *First*, the Supreme Court's unanimous decision in this case leaves no doubt whatsoever that Defendants are acting unlawfully. *See Am. Hosp. Ass'n v. Becerra*, 142 S. Ct. 1896 (2022). *Second*, each day that the 2022 OPPS Rule remains in effect, Defendants continue to drastically underpay claims for reimbursement of drugs acquired under the 340B Program, in direct violation of their statutory obligations. *Third*, those underpayments have significant consequences for 340B hospitals. In addition to holding Defendants' reimbursement cuts unlawful, the Supreme Court recognized that "340B hospitals perform valuable services for low-income and rural communities but have to rely on limited federal funding for support." *Id.* at 13. That "limited" funding is reduced even further when 340B hospitals are forced to accept unlawfully-low reimbursement rates. *Fourth*, Defendants themselves have argued that retrospectively remedying underpayments is complex. *E.g.*, ECF 36 at 3. While Plaintiffs disagree with that assessment, Defendants cannot have it both ways. If retrospective repayment will be difficult, failure to expedite resolution of this Motion will create avoidable work for Plaintiffs, Defendants, and this Court.

Put simply, any delay in Defendants coming into compliance with their statutory obligations for the remainder of 2022 will prejudice Plaintiffs and is very likely to lead to substantial administrative burdens for all parties and for the courts. Accordingly, Plaintiffs' request for expedited consideration "has merit," 28 U.S.C. § 1657(a), and should be granted.

## CONCLUSION

These circumstances constitute good cause to expedite consideration of the Motion and to speedily order Defendants to comply with their statutory obligations and stop underpaying 340B claims for the remainder of 2022. Plaintiffs respectfully ask that Defendants be ordered to file a response to the Motion within seven days, that Plaintiffs be required to file any reply brief within three days thereafter, that any oral argument be scheduled as soon as the Court's calendar permits and that the Court expedite the determination of plaintiffs' motion.

Dated: August 3, 2022                           Respectfully submitted,


*/s/ William B. Schultz*
William B. Schultz (DC Bar No. 218990)
Margaret M. Dotzel (DC Bar No. 425431)
Ezra B. Marcus (DC Bar No. 252685)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel: 202-778-1800
Fax: 202-822-8136
wschultz@zuckerman.com
mdotzel@zuckerman.com
emarcus@zuckerman.com

*Attorneys for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I hereby certify that, on August 3, 2022, I caused the foregoing to be electronically served on counsel of record via the Court's CM/ECF system.

*/s/ Ezra B. Marcus*

Ezra B. Marcus