UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Hospital Association, *et al.*, <br><br> *Plaintiffs*, <br><br> –v– <br><br> Xavier Becerra, Secretary of Health and Human Services, *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-2084 (RC) |

**RESPONSE TO PLAINTIFFS' MOTION TO EXPEDITE BRIEFING SCHEDULE AND CONSIDERATION OF PLAINTIFFS' MOTION TO VACATE THE UNLAWFUL PORTION OF THE 2022 OPPS RULE**

Defendants respectfully submit this response to Plaintiffs' Motion to Expedite Briefing Schedule and Consideration of Plaintiffs' Motion to Vacate the Unlawful Portion of the 2022 OPPS Rule, ECF No. 68. That Motion seeks an order requiring Defendants to respond to Plaintiffs' Motion to Vacate the Unlawful Portion of the 2022 OPPS Rule, ECF No. 67, within seven days, *i.e.*, by August 10, 2022.

At the outset, Defendants disagree that there is "good cause" to expedite this matter under 28 U.S.C. § 1657(a). To establish good cause, a litigant must "persuasively assert that there is a special public or private interest in expeditious treatment of their case." *Free Sacred Trinity Church v. IRS*, No. 21-cv-1756, 2022 U.S. Dist. LEXIS 59251, at *10 (S.D. Cal. Mar. 30, 2022). At bottom, Plaintiffs here want expedition so that they can be compensated more quickly. Mot. at 2. But that is true of virtually *every* plaintiff in *every* case. If a desire for quick relief were sufficient to establish good cause, then expedited proceedings would be the rule rather than the exception. *See Berenson v. Adm'rs of the Tulane Univ. Educ. Fund*, No. 17-329, 2017 U.S. Dist.

LEXIS 128655, at *4 (E.D. La. Aug. 14, 2017) ("Many litigants have compelling reasons to desire a speedy remedy, however, and the Court's schedule does not permit expedited consideration of all these cases."). Moreover, the large sums of money that are at issue in this case and the potential impact on the administration of the Medicare program "militate in favor of caution and deliberation, not haste." *Comm. on Ways & Means v. U.S. Dep't of the Treasury*, No. 19-cv-01974, 2019 U.S. Dist. LEXIS 147260, at *4 (D.D.C. Aug. 29, 2019) (denying motion to expedite given the weighty issues in the case and potential ramifications).

Although Plaintiffs have failed to establish good cause to expedite briefing, Defendants nevertheless propose to file their opposition to Plaintiffs' Motion to Vacate by Friday, August 12, 2022. That is two days after Plaintiffs' proposed deadline and five days before the deadline set by the local rules. The August 12 deadline is necessary to allow sufficient time for review of Defendants' opposition within the Department of Justice and at the client agency. Defendants' counsel conferred with Plaintiffs' counsel on August 5, 2022, and Plaintiffs' counsel stated that Plaintiffs agree to a deadline of August 12, 2022 for Defendants' opposition.

Defendants do not take a position on Plaintiffs' further request that the Court expedite its consideration of the Motion to Vacate, but instead defer to the Court's discretion on that issue. *See Free Sacred Trinity Church*, 2022 U.S. Dist. LEXIS 59251, at *10 ("District courts have discretion to determine the need for expedited proceedings on a case-by-case basis.").

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        ERIC B. BECKENHAUER
        Assistant Branch Director
        Federal Programs Branch

/s/ *Joshua Kolsky*
JOSHUA M. KOLSKY
Trial Attorney
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

*Attorneys for Defendants*