UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| AMERICAN HOSPITAL ASSOCIATION, *et al.*, | : : : | | |
| Plaintiffs, | : : | Civil Action No.: | 18-2084 (RC) |
| v. | : : | Re Document No.: | 80 |
| XAVIER BECERRA, in his official capacity as the secretary of Health and Human Services, *et al.*, | : : : : | | |
| Defendants. | : : | | |

### ORDER

On September 28, 2022, the Court issued an order granting Plaintiffs' motion to vacate the drug reimbursement rate for 340B hospitals in the 2022 OPPS Rule with respect to the rule's prospective application.  *See* Order at 12, ECF No. 78.  The Court also stated that "[a]t a later time," it would resolve Plaintiffs' second motion which sought to remedy all of the agency's underpayments to 340B hospitals under the unlawful reimbursement rates in OPPS Rules 2018–2022.  Mem. Op. at 3–4, ECF No. 79.

Defendants now seek to clarify whether the September 28, 2022 Order constitutes a final judgment under Federal Rule of Civil Procedure 54(b).  Defs.' Unopposed Motion for Clarification of the Court's September 28, 2022 Order, ECF No. 80.  Defendants claim that only a final judgment under Rule 54(b) allows the agency to adjust the payment rates without engaging in APA rulemaking procedures.  *Id.* at 3.  Plaintiffs do not oppose a final judgment under Rule 54(b) to the extent Defendants seek it for the sole purpose of facilitating compliance with the Court's order.  *See* Pls.' Response to Defs.' Motion for Clarification of the Court's September 28, 2022 Order at 1, ECF No. 81.

Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Court clarifies that its September 28, 2022 Order entered a final judgment that resolved Plaintiffs' motion to vacate the prospective portion of the 340B reimbursement rate in the 2022 OPPS Rule. Pls.' Mot. to Vacate, ECF No. 67. For the reasons discussed in that order and accompanying memorandum, "there is no just reason for delay." Fed. R. Civ. P. 54(b). Thus, the September 28, 2022 Order is a final judgment under Rule 54(b).

Dated: October 3, 2022                                    RUDOLPH CONTRERAS
                                                         United States District Judge